UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| DAVID ROBERSON, individually and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>RESTAURANT DELIVERY DEVELOPERS, LLC d/b/a DOORSTEP DELIVERY<br><br>Defendant | Civil Action No. 8:17-cv-769-T-33 MAP |

## COLLECTIVE AND CLASS ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

### I.   INTRODUCTION

1. This is a collective and class action brought on behalf of delivery drivers who have worked for Restaurant Delivery Developers, LLC d/b/a Doorstep Delivery ("Doorstep"). Doorstep is a food delivery service that employs delivery drivers who can be scheduled and dispatched through a mobile phone application or through Doorstep's website and who deliver food orders from restaurants at their homes and businesses.

2. As described further below, Doorstep has misclassified its delivery drivers as independent contractors and, in so doing, has committed federal wage and hour violations. Specifically, Doorstep has violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* by failing to pay time-and-a-half for all time that its drivers worked in excess of forty hours each week and by failing to pay its delivery drivers the federal minimum wage during each work week.



3. Plaintiff brings these claims under the FLSA on behalf of himself and all similarly situated Doorstep delivery drivers across the country who may choose to opt in to this action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

4. Plaintiff David Roberson is an adult resident of Tampa, Florida. Mr. Roberson worked as a delivery driver for Doorstep in Tampa, Florida, from approximately 2012 to February 2016.

5. Defendant Restaurant Delivery Developers, LLC d/b/a Doorstep Delivery is a Florida limited liability corporation with its principal place of business in Orlando, Florida. Doorstep runs a business that provides food delivery services in 117 cities throughout the United States.

## III. JURISDICTION AND VENUE

6. This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331, because Plaintiff has brought a claim pursuant to the federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

7. The Middle District of Florida, Tampa Division, is the proper venue for this action pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in and worked for Doorstep in Tampa, Florida.

## IV. STATEMENT OF FACTS

8. Doorstep is a business that provides food delivery service to customers in 117 cities throughout the United States.

9. Doorstep offers customers the ability to request a food delivery order on a mobile phone application or online through its website.

10. Doorstep delivery drivers fulfill these food delivery orders by driving to the requested restaurant, picking up the customer's food order, and then delivering the order to the customer at their home or business.

11. Doorstep's website advertises that "DoorstepDelivery.com works with a team of professional 'mobile waiters' are [sic] revolutionizing the way people eat, allowing the convenience of having your favorite restaurants delivered directly to your home, office, or event . . . ."

12. Doorstep does not classify its drivers as employees but instead as independent contractors. Although classified as independent contractors, Doorstep delivery drivers are employees under the FLSA. Doorstep directs the delivery drivers' work in detail, instructing drivers where to report for their shifts, how to dress, and where to go to pick up or await deliveries. Drivers are required to follow requirements imposed on them by Doorstep regarding the handling of the food and timeliness of the deliveries. Doorstep retains the right to terminate the drivers at will.

13. Doorstep is in the business of providing food delivery services to customers, and this is the very service its drivers provide. The drivers' services are fully integrated into Doorstep's business, and without the drivers, Doorstep's business would not exist.

14. Doorstep drivers work on scheduled shifts. Plaintiff consistently worked shifts from 10:00 AM to 10:00 PM. While on shift, the delivery drivers have been required to remain within a certain area designated by Doorstep and to be available to perform a delivery at any time.

15. During their shifts, delivery drivers are typically contacted by Doorstep's customer service representatives ("CSR") who instruct them on what they need to be doing and where they need to be. If the drivers do not follow the CSRs' instructions, they will not receive job assignments, or their shifts will be cancelled. The drivers also risk termination if they do not adhere to the dispatchers' instructions.

16. Occasionally, the delivery drivers have been required to attend meetings with their supervisors at Doorstep offices.

17. Delivery drivers receive job assignments through Doorstep's mobile phone app. The drivers are not given the opportunity to reject jobs, and are required to "acknowledge" jobs when they are received. If drivers refuse to perform a job, Doorstep punishes them by assigning them fewer jobs or terminating them.

18. Doorstep delivery drivers are paid through a flat fee for each delivery completed plus gratuities added by customers.

19. Doorstep requires the delivery drivers to wear uniforms, which the delivery drivers are required to pay for.

20. Delivery drivers are also required to rent equipment in order to work for Doorstep, which includes insulated bags, a Doorstep car topper, which they must display on their cars, a pizza bag, and soda trays. The equipment rental fee is deducted from the delivery drivers' compensation check each week.

21. Other amounts have also been deducted from the drivers' compensation checks for such things as an occupational accident insurance premium, administrative fees, and so-called Doorstep delivery marketing fees.

22. Delivery drivers bear much of their own expenses, which include the cost of fuel, the cost of owning or leasing, and maintaining their vehicles, and cellular data costs. These expenses, in addition to the amounts that Doorstep have deducted from the delivery drivers' compensation checks have regularly caused Plaintiff's and other delivery drivers' weekly compensation to fall below federal minimum wage.

23. Also, Plaintiff and other delivery drivers have regularly worked more than forty hours per week, but Doorstep does not pay drivers overtime wages (time-and-a-half the regular rate) for these hours. Plaintiff Roberson often worked as much as eighty hours per week without receiving time-and-a-half his regular rate for the hours in excess of forty.

## V. COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings Counts I (violation of the FLSA overtime provision, 29 U.S.C. § 207) and II (violation of the FLSA minimum wage provision, 29 U.S.C. § 206) as a collective action on behalf of Doorstep delivery drivers who have worked anywhere in the country who may choose to opt in to this action.

25. These drivers who may opt in to this collective action are similarly situated to the named Plaintiff. They have all held the same job positions, signed virtually identical agreements, and have worked under substantially similar job requirements and pay provisions. They have been subject to the same common practices, policies, and plans of Doorstep, including not being paid time-and-a-half their regular rate for hours worked past 40 per week and not being guaranteed the federal minimum wage (particularly when taking into account the expenses they must bear, including those for owning or leasing, and maintaining, their vehicles, and cellular data costs).

## COUNT I
## FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA

Doorstep's conduct in failing to pay its drivers time-and-a-half their regular rate for all hours worked in excess of forty per week violates the FLSA, 29 U.S.C. § 207. Doorstep's violation of the FLSA has been willful in that it knew or showed reckless disregard for whether its actions were unlawful under the FLSA. This claim is brought on behalf of a class of Doorstep drivers across the country who may choose to opt in to this case, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FLSA

Doorstep's conduct in failing to pay its drivers the federal minimum wage (including its practice of requiring its drivers to bear expenses such as fuel, vehicle maintenance, and cell phone data, as well as making deductions from the drivers' weekly compensation checks for equipment rental fees, insurance premiums, and other things, which has caused the drivers' weekly compensation to fall below the federal minimum wage), violates the FLSA, 29 U.S.C. § 206. Doorstep's violation of the FLSA has been willful in that it knew or showed reckless disregard for whether its actions were unlawful under the FLSA. This claim is brought on behalf of a class of Doorstep drivers across the country who may choose to opt in to this case, pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff request that this Court enter the following relief:

1. Permission for Plaintiff to notify other Doorstep delivery drivers of their right to opt-in to this action under the FLSA, pursuant to 29 U.S.C. § 216(b);

2. Find and declare that Doorstep violated the federal Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

3. Award compensatory damages, including all wages owed, in an amount according to proof;

4. Award all costs and attorney's fees incurred prosecuting this claim;

5. Award liquidated damages and all appropriate statutory and regulatory damages;

6. Interest and costs;

7. Injunctive relief in the form of an order directing Doorstep to comply with the FLSA.

8. Any other relief to which Plaintiff and class members may be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all triable issues.

Dated: March 30, 2017

Respectfully submitted,

DAVID ROBERSON on behalf of himself and all others similarly situated,

By his attorneys,

Eric Lindstrom, Esquire
FL Bar No. 104778
EGAN, LEV, LINDSTROM & SIWICA, P.A.
Post Office Box 2231
Orlando, FL 32802
Telephone: (407) 422-1400
Facsimile: (407) 422-3658
Primary: ELindstrom@eganlev.com
Secondary: LBrennen@eganlev.com

Shannon Liss-Riordan,
*pro hac vice pending*
Thomas Fowler,
*pro hac vice pending*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
Telephone: (617) 994-5800
Primary: sliss@llrlaw.com
Primary: tfowler@llrlaw.com