UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID ROBERSON,
Individually and on behalf
of all other similarly
situated individuals,

    Plaintiff,

v.                                    Case No.: 8:17-cv-769-T-33MAP

RESTAURANT DELIVERY DEVELOPERS,
LLC d/b/a DOORSTEP DELIVERY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff David Roberson's Motion for Issuance of Notice Pursuant to § 216(b) of the Fair Labor Standards Act (Doc. # 25), to which Defendant Restaurant Delivery Developers, LLC responded on August 21, 2017. (Doc. # 43).

Roberson worked as a driver for an entity doing business as Doorstep Delivery, using his own car to ferry food from restaurants to hungry people at their homes. Although, among other things, he wore a uniform and worked during set shifts, Doorstep Delivery classified Roberson as an independent contractor — an incorrect classification, Roberson says. He claims that other Doorstep Delivery drivers have also been

1

wrongly classified as independent contractors and would be interested in joining his proposed FLSA collective action seeking overtime and minimum wages. But Restaurant Delivery Developers claims Roberson has not sufficiently shown that it employed him or any other driver or that Restaurant Delivery Developers is, in fact, Doorstep Delivery.

Employing the lenient conditional certification standard and declining to review the merits of the underlying FLSA claims, the Court determines a class of similarly situated Doorstep Delivery drivers that would be interested in joining the collective action exists. Therefore, the Motion is granted.

I.  **Procedural Background**

Roberson initiated this action on March 31, 2017. (Doc. # 1). The Amended Complaint asserts claims under the FLSA, Florida's Minimum Wage Act, and Article X of the Florida Constitution on behalf of himself and other similarly situated individuals. (Doc. # 23). Specifically, Roberson alleges that he and other delivery drivers working for Doorstep Delivery have been wrongly classified as independent contractors in order to deprive them of overtime compensation and the minimum wage under the FLSA. Additionally, Roberson asserts that he and other Florida delivery drivers have been

paid less than the state minimum wage. Roberson filed the instant Motion, seeking to conditionally certify a nationwide FLSA collective action, on July 11, 2017. (Doc. # 25).

Restaurant Delivery Developers filed its Answer on August 7, 2017, in which it maintains that it does not do business as Doorstep Delivery. (Doc. # 42). It then filed a response to Roberson's Motion for conditional certification on August 21, 2017, elaborating further on its contention that it is not the correct defendant for this action, as it never hired Roberson or any other delivery driver. (Doc. # 43). The Motion is now ripe for review.

## II. **Legal Standard**

The FLSA expressly permits collective actions against employers accused of violating the FLSA's mandatory overtime provisions. See 29 U.S.C. § 216(b) ("An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."). In prospective collective actions brought pursuant to Section 216(b), potential plaintiffs must affirmatively opt into the collective action. Id. ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such

a party and such consent is filed in the court in which such action is brought.")

Pursuant to Section 216(b), certification of collective actions in FLSA cases is based on a theory of judicial economy by which "[t]he judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged" activity. <u>Hoffmann-La Roche, Inc. v. Sperling</u>, 493 U.S. 165, 170 (1989).

In making collective action certification determinations under the FLSA, courts typically follow a two-tiered approach:

> The first determination is made at the so-called notice stage. At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted - whether notice of the action should be given to potential class members.
>
> Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in conditional certification of a representative class. If the district court conditionally certifies the class, putative class members are given notice and the opportunity to opt in. The action proceeds as a representative action throughout discovery.
>
> The second determination is typically precipitated by a motion for decertification by the defendant usually filed after discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question.

4

Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)(internal citations and quotation marks omitted).

To maintain a collective action under the FLSA, Plaintiffs must demonstrate that they are similarly situated. Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1258 (11th Cir. 2008). Similarly situated employees must affirmatively opt into the litigation by giving their consent in writing and filing their consent in the court in which such action is brought. 29 U.S.C. § 216(b).

At the notice stage, the Court should initially determine whether there are other employees who desire to opt into the action and whether the employees who desire to opt in are similarly situated. Morgan, 551 F.3d at 1259; Dybach v. State of Fla. Dep't of Corrs., 942 F.2d 1562, 1567-68 (11th Cir. 1991). This determination is made using a "fairly lenient standard." Hipp, 252 F.3d at 1218. The Plaintiffs bear the burden of showing a reasonable basis for the claim that there are other similarly situated employees and must offer "detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary." Morgan, 551 F.3d at 1261 (internal citations omitted). Essentially, at this stage of the proceedings, the Court must determine whether there are other Doorstep Delivery drivers

5

who are similarly situated and desire to opt in. Dybach, 942 F.2d at 1567-68.

### III. Analysis

#### A. Notice Will be Sent

In his Motion, Roberson argues that a similarly situated class of Doorstep Delivery drivers exists across the country and would be interested in joining the collective action. (Doc. # 25). Roberson points outs that

> three delivery drivers have already opted in to join the case and four have submitted affidavits, attesting that they have been subjected to a similar policy of being classified as an independent contractor for their delivery driver duties, not getting paid time-and-a-half for the hours that they work beyond forty each week, and not receiving minimum wage for all work weeks.

(Id. at 10). Therefore, Roberson reasons, "Doorstep has a nationwide policy of classifying its delivery drivers as independent contractors and admittedly does not pay them overtime." (Id.).

Restaurant Delivery Developers does not challenge that a class of similarly situated delivery drivers exists. But Restaurant Delivery Developers still insists Roberson has not met even the lower evidentiary burden to justify conditional certification. According to Restaurant Delivery Developers, Roberson cannot show that a class of similarly situated

delivery drivers employed by Restaurant Delivery Developers exists because Restaurant Delivery Developers never hired Roberson or any other delivery driver. (Doc. # 43 at 3). While Roberson and the opt-in drivers may very well work for Doorstep Delivery, Restaurant Delivery Developers insists that it is not Doorstep Delivery and presents affidavits of its members attesting to that. (Id. at 1; Doc. ## 43-1, 43-2, 43-3, 43-4).

Nevertheless, at the conditional certification stage, the Court must not review the merits of the case — including whether Restaurant Delivery Developers is Roberson's "employer," as defined by the FLSA. See Kerce v. W. Telemarketing Corp., 575 F. Supp. 2d 1354, 1358 (S.D. Ga. 2008)("In considering a motion to conditionally certify the class in a wage and hour dispute, the Court does not reach the merits of the case."); see also Barrus v. Dick's Sporting Goods, Inc., 465 F. Supp. 2d 224, 230 (W.D.N.Y. 2006)("It is not the Court's role to resolve factual disputes, decide substantive issues going to the ultimate merits or make credibility determinations at the preliminary certification stage of an FLSA collective action.").

Therefore, the Court confines itself to analysis of whether a class of similarly situated Doorstep Delivery

7

drivers exists and whether those drivers would be interested in opting in to the proposed FLSA collective action. The evidence and affidavits provided by Roberson reasonably make the necessary showing: three delivery drivers have opted-in, all of whom were classified as independent contractors, and various delivery drivers have submitted affidavits averring that other delivery drivers would be interested in joining the action. (Doc. # 25 at 10; Doc. # 25-4; Doc. # 25-5; Doc. # 25-6; Doc. # 25-7). Restaurant Delivery Developers has not contested these facts.

And the Court disagrees with Restaurant Delivery Developers' assertion that granting the Motion would be futile as Restaurant Delivery Developers does not know the names or addresses of Doorstep Delivery drivers. (Doc. # 43 at 5). Restaurant Delivery Developers presents no authority for the proposition that a motion for conditional certification may be denied on futility grounds. And there is reason to believe that Restaurant Delivery Developers has access to information regarding drivers' identities. Indeed, the Doorstep Delivery website lists the same four members of Restaurant Delivery Developers as the founders of Doorstep Delivery. (Doc. # 25-3 at 4). And one member of Restaurant Delivery Developers, Daniel Sinor, remarks in his affidavit

8

that "[t]hrough a family corporation, [he] had access to information on some aspects of the restaurant food delivery business" and was able to acquire a copy of Roberson's contract with another company. (Doc. # 43-3 at ¶ 17).

Therefore, a court-approved notice will be sent to Doorstep delivery drivers. What remains to be determined is the form that notice will take.

### B. Proposed Notice

Roberson has attached a proposed notice to be sent out to other Doorstep Delivery drivers. (Doc. # 25-1). Roberson proposes to send the notice to drivers nationwide who have worked for Doorstep Delivery since March 31, 2014 — three years before this action was initiated. (Doc. # 25 at 14). Restaurant Delivery Developers raises no objections in its response to the proposed scope of the class or the proposed notice.

"Court-authorized notice in a class action context helps to prevent 'misleading communications' and ensures the notice is 'timely, accurate, and informative.'" Trentman v. RWL Commc'ns, Inc., No. 2:15-cv-89-FtM-38CM, 2015 WL 2062816, at *3 (M.D. Fla. May 4, 2015)(quoting Hoffmann–La Roche, Inc. v. Sperling, 493 U.S. 165, 171 (1989)). "[T]he notice to the class should not appear to be weighted in favor of one side

or the other." Palma v. MetroPCS Wireless, Inc., No. 8:13-cv-698-T-33MAP, 2014 WL 235478, at *1 (M.D. Fla. Jan. 22, 2014). "[I]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality. To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Hoffmann-La Roche, 493 U.S. at 174.

The Court approves the proposed form of the notice submitted by Roberson. (Doc. # 25-1). And the Court agrees that the proposed scope — all delivery drivers who worked for Doorstep Delivery since March 21, 2014 — is appropriate, given Roberson's allegation that Restaurant Delivery Developers willfully violated the FLSA. See Abdul-Rasheed v. KableLink Commc'ns, LLC, No. 8:13-cv-879-T-24MAP, 2013 WL 5954785, at *3 (M.D. Fla. Nov. 7, 2013)("Plaintiff has alleged in his complaint that Defendants willfully violated the FLSA. At this early stage of the proceedings, the Court concludes that Plaintiff's allegation is sufficient to support his request for a three-year period in the Court-authorized Notice.").

The Court also agrees that providing notice via U.S. mail and email is acceptable, with a 90-day period for drivers to send in their opt-in notices after the notices are sent.

Cf. Stuven v. Texas de Brazil (Tampa) Corp., No. 8:12-cv-1283-T-24TGW, 2013 WL 610651, at *6 (M.D. Fla. Feb. 19, 2013)("The Court is not persuaded that notice by email is too intrusive, and will permit notice to be made in this manner."); Harris v. Performance Transp., LLC, No. 8:14-cv-2913-T-23EAJ, 2015 WL 1257404, at *6 (M.D. Fla. Mar. 18, 2015)(granting a 90-day opt-in period where "Defendant did not object to this period" and noting "courts routinely grant ninety-day opt-in periods").

But the Court does not approve the sending of follow-up communications by Roberson's counsel to potential opt-in plaintiffs. See Palma, 2014 WL 235478, at *3 ("[T]he Court determines that it is not necessary to send any class members 'reminder post cards.' Sending a putative class member notice of this action is informative; sending them a 'reminder' is redundant."); Trentman, 2015 WL 2062816, at *5 ("Plaintiff may not email or otherwise send a reminder notice to the remaining class members prior to the expiration of the opt-in period.").

Restaurant Delivery Developers is directed to provide a list of the potential opt-in plaintiffs' names, last-known mailing addresses, last-known telephone numbers, email addresses, work locations and dates of employment to

11

Roberson's counsel by October 5, 2017. If Restaurant Delivery Developers is unable to provide such information, Roberson may move to distribute the notice by different means, such as posting notice on the Doorstep Delivery website. See Ciani v. Talk of The Town Restaurants, Inc., No. 8:14-cv-2197-T-33AEP, 2015 WL 226013, at *6 (M.D. Fla. Jan. 16, 2015)("The Court notes that other courts have required that Class Notice be posted at the workplace only after a showing that a defendant has failed to cooperate in the collective action process.").

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff David Roberson's Motion for Issuance of Notice Pursuant to § 216(b) of the Fair Labor Standards Act (Doc. # 25) is **GRANTED.**

(2) Defendant Restaurant Delivery Developers shall produce to Roberson a complete list of every Doorstep Delivery driver in the nation who worked at any time between March 21, 2014 and present by **October 5, 2017.** The list shall include the known home address, telephone number, and email address of the delivery drivers.

(3) The Court approves dissemination of class notice via U.S. mail and via email. The Court rejects Roberson's

proposal of sending reminders to potential opt-in plaintiffs.

(4) Roberson shall allow each individual up to ninety days from the date of mailing in which to return an opt-in consent form to Roberson's counsel.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of September, 2017.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE