UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID ROBERSON,**

 **Plaintiff,**

 v.             **CASE NO.: 8:17-cv-00769-VMC-MAP**

**RESTAURANT DELIVERY**
**DEVELOPERS, LLC,**
**d/b/a DOORSTEP DELIVERY;**
**ANDREW BROWN;**
**THOMAS COLANGELO;**
**WILLIAM MOORE; and**
**DANIEL SINOR,**

 **Defendants.**

_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff David Roberson, with the assent and agreement of Defendants Restaurant Delivery Developers, LLC d/b/a DoorStep Delivery, Andrew Brown, Thomas Colangelo, William Moore, and Daniel Sinor, hereby moves the Court to approve the Settlement Agreement reached by the Parties. In support thereof, Plaintiff states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff David Roberson initiated this action pursuant to Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* on March 31, 2017, seeking damages for alleged unpaid wages. (Doc. # 1). On July 11, 2017, Roberson filed a motion for conditional certification, seeking to conditionally certify a nationwide FLSA collective action of Doorstep Delivery drivers. (Doc. # 25). The Court granted the motion and conditionally certified the collective action on September 18, 2017. (Doc. # 46).

With the Court's leave, Roberson filed a Second Amended Complaint on April 23, 2018, asserting an FLSA overtime claim (Count I) and an FLSA minimum wage claim (Count II) on behalf of the collective action class members, as well as an individual Florida state law minimum wage claim brought by Roberson only. (Doc. # 77). The Second Amended Complaint added the four individual founders of Restaurant Delivery Developers, Andrew Brown, Thomas Colangelo, William Moore, and Daniel Sinor, as Defendants. (*Id.*).

On May 1, 2018, Defendants filed a motion to decertify the collective action. (Doc. # 80). Defendants argued in their motion that Defendants never hired or contracted with any delivery drivers and that, even if they did, the opt-in plaintiffs are not similarly situated. (*Id.*). Roberson filed a motion in opposition to Plaintiff's motion to decertify the collective action. (Doc. # 85). On June 20, 2018, the Court granted Defendants' motion to decertify the collective action. (Doc. # 89).

On January 11, 2019, the parties attended a lengthy mediation conference with Mark A. Hanley. (Doc. # 102). At the mediation, the parties engaged in a thorough discussion of the issues raised in the case, including Defendants' arguments that they did not contract with Plaintiff (but instead he was contracted through an entity known as "DDI"); that the individual Defendants could not be held liable as Plaintiff's joint employer; that Defendant DoorStep Delivery is no longer in business; that Plaintiff was properly classified as an independent contractor; that Defendants would not be liable for liquidated damages because they had a good faith defense to Plaintiff's claims; and that Plaintiff would have difficulties proving his damages at trial due to the lack of time records for his work. In order to avoid the risks and costs inherent in protracted litigation, the parties reached an agreed upon settlement of the case. (*Id.*). After the

parties reached an agreement as to the material terms of the settlement, the parties separately negotiated Plaintiff's attorneys' fees.

Plaintiff now respectfully requests that this Honorable Court approve the Settlement Agreement because the negotiated terms of the settlement represent a fair, reasonable, and just compromise of the disputed issues.

## ARGUMENT

This Court should approve the proposed Settlement Agreement because it is a fair, reasonable, and adequate resolution of a bona fide dispute that was not the product of collusion. As noted herein, the parties engaged in extensive motion practice prior to the resolution of this case. Were the case not to be resolved, the parties would soon be facing a jury trial, which always raises uncertainties. As such, the parties attended mediation and have settled this action, pursuant to this Court's approval. During mediation, the parties engaged in detailed settlement negotiations and mutually expressed a willingness to attempt to resolve this matter without expending significantly more resources on litigation. Counsel for the parties also conferred in writing and over the telephone regarding such resolution and have exchanged documents relating to such a resolution.

As a result of the foregoing process, the parties achieved an amicable settlement agreement in lieu of continued litigation. Under this settlement, Plaintiff will receive payment to compensate him for his alleged overtime and minimum wage pay he contended accrued during the course of his employment with Defendants, as well as liquidated damages. In addition, Defendants have agreed to pay Plaintiff's designated attorneys' fees and costs. Although Defendants do not admit liability, and Plaintiff does not concede that he is receiving all that he could had this matter been further litigated and Plaintiff prevailed on the merits, the parties wish

to accept this settlement. Furthermore, the parties have carefully reviewed the terms of the settlement and finds the agreement to be fair and reasonable. The parties accept the settlement, subject to this Court's approval, in lieu of the time, expense, and uncertainty that is inherently associated with litigating bona fide disputes over liability, liquidated damages, and willfulness.

I.      **LEGAL STANDARD FOR APPROVAL OF FLSA SETTLEMENT**

The Eleventh Circuit requires district court approval of any settlements reached in FLSA cases concerning claims for back wages. *Teblum v. Eckerd Corp. of Fla., Inc.*, No. 2:03-cv-495-FtM-33 DNF, 2006 U.S. Dist. LEXIS 24530, at *9 (M.D. Fla. Apr. 28, 2006) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982) ("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). As the Eleventh Circuit held in *Lynn*:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them...
>
> The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53.

As such, before approving an FLSA settlement, the court must determine that the proposed settlement is "a fair and reasonable resolution of a bona fide dispute". *Id.* at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging

- 4 -

settlement of litigation." *Id*. at 1354. Furthermore, courts in the Eleventh Circuit are "required to determine that it was fair, adequate, reasonable, and not the product of collusion." *Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 (11th Cir. 1994). Finally, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007).

## II.   THIS COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT

### A.   Terms of the Settlement.

The Settlement Agreement is attached hereto as Exhibit "A". Under the terms of the Settlement Agreement, Defendants will pay Plaintiff Thirteen Thousand Seven Hundred and Fifty Dollars and no/100 Cents ($13,750.00), and an equal amount in liquidated damages, for a the sum total of Twenty-Seven Thousand Five Hundred Dollars and no/100 Cents ($27,500.00) in settlement of his claims, exclusive of attorneys' fees and costs. *See* Exhibit A, at ¶ 2. These amounts fairly balance the monetary amounts at issue in the case with the risks inherent in proceeding with further litigation.

Furthermore, the Settlement Agreement also provides that Defendants will pay Plaintiff's counsel the sum total of Twelve Thousand Dollars and no/100 Cents ($12,000.00) in payment of Plaintiff's attorneys' fees and costs in fees and costs. *See* Exhibit A, at ¶ 2. Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this settlement. *See* Exhibit A, at ¶ 4. Plaintiff submits that this sum is reasonable in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel.

### B.   The Settlement Agreement is a Fair and Reasonable Resolution of a Bona Fide Dispute.

The parties, before a qualified Court-appointed mediator, reached a fair and reasonable settlement to adequately resolve Plaintiff's claims against Defendants. During the course of

litigation, the parties' engaged in extensive motion practice regarding threshold issues, including whether Defendants could qualify as employers under the FLSA and, even if they did qualify as employers, whether individualized and factually-intensive questions concerning whether the employees were independent contractors precluded collective treatment. Although the Court answered the later question in the negative (*See* Doc. # 89), questions still remained as to whether Plaintiff was entitled to minimum wage and overtime compensation pursuant to the FLSA and whether he was paid these amounts. The settlement amount to Plaintiff is fair in light of the posture of the case, the expense and likely duration of litigation if the case did not settle, and the likelihood of Plaintiff ultimately prevailing.

While Defendants deny that they owe Plaintiff any additional compensation, Plaintiff acknowledges that the settlement amounts represent fair compensation for his FLSA claims. Plaintiff will receive $27,500 exclusive of attorneys' fees and costs. This amount is fair and reasonable as the probability of success on the merits, and the complexity, expense, and length of future litigation also militate in favor of this settlement. Plaintiff and Defendants continue to disagree over the merits of the claim asserted by Plaintiff. If the parties continued to litigate this matter, they would be forced to engage in more costly litigation in order to prove their claims and defenses.

Further, there has been sufficient investigation and exchange of information that allowed counsel to reach a fair and reasonable resolution of this matter. The parties exchanged information during settlement negotiations regarding Plaintiff's hours and pay. In agreeing upon the proposed settlement, the parties had sufficient information and had conducted an adequate investigation to allow them to make an educated and informed analysis of the claims.

### C.     <u>**Plaintiff's Attorney's Fees Were Negotiated Separately and Are Reasonable.**</u>

Courts have found no fraud or collusion where both Parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Helms v. Cent. Fla. Reg'l Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at *11-12 (M.D. Fla. Dec. 21, 2006). Here, each party was independently represented by counsel with experience in litigating claims under the FLSA. Each counsel was obligated to, and did, vigorously represent their clients' rights. Based on the amount to be paid to Plaintiff, it is clear that there was no fraud or collusion.

After negotiating Plaintiff's settlement, the parties subsequently negotiated Plaintiff's attorneys' fees and costs separately from the amounts claimed by Plaintiff for his underlying claims. Further, the amount allocated for Plaintiff's attorneys' fees and costs and are not a function of any percentage of recovery. As the Court explained in *Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GKJ, 2009 U.S. Dist. LEXIS 68075, at *11-12 (M.D. Fla. Aug. 4, 2009), where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Bonetti*, 2009 U.S. Dist. LEXIS 68075, at *15-16.

The Settlement Agreement provides that Defendants will pay Plaintiff's counsel the sum total of Twelve Thousand Dollars and no/100 Cents ($12,000.00) in payment of Plaintiff's attorneys' fees and costs in fees and costs. Plaintiff's fees and costs were negotiated separately from the amount payable to Plaintiff under this settlement, and the parties stipulate this sum as

- 7 -

reasonable in light of the stage of the proceedings and the work performed to date by Plaintiff's counsel (which included multiple depositions, exchange and review of documents, preparation for trial, and negotiation of this agreement). The payment to Plaintiff's counsel for attorneys' fees and costs constitutes a fair and reasonable compromise. As such, the settlement terms are fair, reasonable, adequate and not the product of collusion. Accordingly, Plaintiff respectfully requests that the Court grant this Motion for Approval of the Settlement.

## **CONCLUSION**

WHEREFORE, Plaintiff David Roberson respectfully requests that this Honorable Court enter an Order granting this Motion and approving the settlement of Plaintiff's claims under the Fair Labor Standards Act. Upon the Court's approval, the parties would submit a stipulation of dismissal for the case.

January 22, 2019

        Respectfully submitted,

        David Roberson,

        By his attorneys,

        <u>/s/ Shannon Liss-Riordan</u>
        **SHANNON LISS-RIORDAN**
        pro hac vice
        **THOMAS FOWLER**
        pro hac vice
        **LICHTEN & LISS-RIORDAN, P.C.**
        729 Boylston Street, Suite 2000
        Boston, Massachusetts 02116
        (617) 994-5800
        sliss@llrlaw.com
        tfowler@llrlaw.com

        **ERIC LINDSTROM**
        Florida Bar No. 104778
        **EGAN, LEV, LINDSTROM & SIWICA, P.A.**
        231 E. Colonial Drive
        Orlando, FL 32801
        (352) 672-6901
        elindstrom@eganlev.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2019, a true and correct copy of the foregoing document and any related exhibits was served via CM/ECF on all interested parties.

/s/Shannon Liss-Riordan_____
Shannon Liss-Riordan