```
                 UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

DAVID ROBERSON,

        Plaintiff,

v.                                  Case No. 8:17-cv-769-T-33SPF

RESTAURANT DELIVERY DEVELOPERS,
LLC, ET AL.,

        Defendants.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff David Roberson's Unopposed Motion for Approval of Settlement Agreement (Doc. # 104), which was filed on January 22, 2019. The Court grants the Motion, approves the settlement, and dismisses the case with prejudice.

**I.   Background**

Roberson filed this Fair Labor Standards Act case on March 31, 2017. (Doc. # 1). On June 5, 2017, the Court issued its FLSA Scheduling Order, which also referred the case to a mediation with Mark Hanley, Esq. (Doc. # 12). Roberson filed Answers to the Court's Interrogatories on June 26, 2017. (Doc. # 18). The Court found Roberson's Answers to be deficient and required Roberson to provide additional information in an Order dated June 27, 2017. (Doc. # 19). Roberson supplemented

1

his Interrogatory Answers on July 5, 2017. (Doc. # 22). Defendants filed the Verified Summary of Hours Worked on July 12, 2017. (Doc. # 26). The parties met an impasse at mediation on July 18, 2017. (Doc. # 27).

On September 18, 2017, the Court conditionally certified the collective action. (Doc. # 46). On June 20, 2018, the Court decertified the collective action and dismissed all Plaintiffs with the exception of Roberson, explaining that individualized concerns prevented Plaintiffs from litigating collectively. (Doc. # 89). A pretrial conference was conducted on January 10, 2019, and this case was scheduled for a jury trial during the February 2019 term. (Doc. # 101). On January 11, 2019, the parties conducted another mediation conference with Mark Hanley, which resulted in a settlement. (Doc. # 102). At the Court's direction, the parties have filed a Motion for Court approval of their settlement. (Doc. # 104).

**II.  Analysis**

Roberson alleges that Defendants violated the FLSA. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties have reached a settlement wherein it is agreed that Roberson will receive $13,750 for unpaid wages and $13,750

for liquidated damages. (Doc. # 104 at 5). It has also been agreed that Roberson's counsel will receive $12,000 for attorney's fees and costs. (Id.). In the Motion, Roberson represents that the attorney's fees to be paid to counsel were negotiated separately and without regard to the amount to be paid to Roberson for alleged FLSA violations. (Id. at 7-8).

There are several factors that a court should consider when determining whether to approve a settlement agreement in an FLSA action, which are as follows:

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009). The Court, having considered the factors set out in Bonetti, 715 F. Supp. 2d at 1228, and other governing law, approves the compromise reached by the parties

in an effort to amicably settle this case. The settlement is fair on its face and represents a reasonable compromise of the parties' dispute. Having approved the settlement, the Court dismisses the case with prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED,** and **DECREED** that**:**

(1) David Roberson's Unopposed Motion for Approval of Settlement Agreement (Doc. # 104) is **GRANTED.**

(2) The parties' settlement is **APPROVED.** This case is **DISMISSED WITH PREJUDICE.**

(3) The Clerk is directed to **CLOSE THE CASE.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 23rd day of January, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE